- E X H I B I T   A -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
DAISY PABON,

                *Plaintiff*

       *-against-*

THE STOP & SHOP SUPERMARKET COMPANY, LLC,

                *Defendant.*
------------------------------------------------------------------X

Index No:

Date Purchased:

## SUMMONS

Plaintiff designates:
**BRONX COUNTY**
as the place of trial.
The basis of venue is
Plaintiff's residence:
3 Pequot Avenue
Manorhaven, NY 11050

To the above-named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 5, 2020

                                            Yours, etc..

                                         _____
                                         Eitan Magendzo, Esq.
                                         *Attorney for Plaintiff*
                                         99 W. Hawthorne Ave., Suite 316
                                         Valley Stream, NY 11580
                                         718-873-9470

Defendant's address:

**THE STOP & SHOP SUPERMARKET COMPANY, LLC**
2136 Bartow Avenue
Bronx, NY 10475

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X
DAISY PABON,

                            Plaintiff,

      -*against*-

                                                       Index:

                                                       **COMPLAINT**

THE STOP & SHOP SUPERMARKET COMPANY, LLC,

                            Defendants.
-------------------------------------------------------------------------X

      Plaintiff, by his attorney, **MAGENDZO LAW, P.C.**, as and for a Verified Complaint, respectfully sets forth and alleges the following, upon information and belief:

      1.      That at all times hereinafter mentioned, the plaintiff, **DAISY PABON**, was and still is a resident of the County of Bronx, City and State of New York.

      2.      That at all times hereinafter mentioned, and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, was and still is a domestic corporation duly organized by and existing under and by virtue of the laws of the State of New York.

      3.      That at all times hereinafter mentioned and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, was and still is a foreign corporation.

      4.      That at all times hereinafter mentioned and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, was and still is a foreign corporation duly licensed to conduct business in the State of New York.

      5.      That at all times hereinafter mentioned and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, was and still is a foreign corporation not duly licensed to conduct business in the State of New York.

2

6. That at all times hereinafter mentioned and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, transacted business within the State of New York.

7. That at all times hereinafter mentioned and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, contracted to supply goods or services within the State of New York.

8. That at all times hereinafter mentioned and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, committed a tortious act causing injury to a person within the State of New York.

9. That at all times hereinafter mentioned and prior thereto, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, possessed property within the State of New York.

10. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, owned the land commonly known and designated as 2136 Bartow Avenue, in the County of Bronx, City and State of New York.

11. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, owned the premises erected upon the land commonly known and designated as 2136 Bartow Avenue, in the County of Bronx, City and State of New York ("Premises" hereinafter).

12. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, owned a business commonly known as Stop & Shop 2592, which operated at the Premises ("Stop & Shop" hereinafter).

13. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, leased the Premises.

14. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, leased the Stop & Shop.

15. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, maintained the Premises.

16. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, maintained the Stop & Shop.

17. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, controlled the Premises.

18. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, controlled the Stop & Shop.

19. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, operated the Premises.

20. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, operated the Stop & Shop.

21. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, managed the Premises.

22. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, managed the Stop & Shop.

23. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, supervised the Premises.

4

24. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, supervised the Stop & Shop.

25. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, inspected the Premises.

26. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, inspected the Stop & Shop.

27. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, repaired the Premises.

28. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, repaired the Stop & Shop.

29. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, cleaned the Premises.

30. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, cleaned the Stop & Shop.

31. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to maintain the Premises in a reasonably safe condition.

32. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to maintain the Stop & Shop in a reasonably safe condition.

33. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to ensure that the Premises be and remain in a reasonably safe condition for its customers and invitees.

34. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to ensure that the Stop & Shop be and remain in a reasonably safe condition for its customers and invitees.

35. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to inspect the Premises.

36. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to inspect the Stop & Shop.

37. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to repair the Premises.

38. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to repair the Stop & Shop.

39. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to clean the Premises.

40. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to clean the Stop & Shop.

41. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to warn invitees and/or customers of any dangerous conditions in the Premises.

42. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had a duty to warn invitees and/or customers of any dangerous conditions in the Stop & Shop.

43. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to maintain the Premises in a reasonably safe condition.

44. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to maintain the Stop & Shop in a reasonably safe condition.

45. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to ensure that the Premises be and remain in a reasonably safe condition for its customers and invitees.

46. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to ensure that the Stop & Shop be and remain in a reasonably safe condition for its customers and invitees.

47. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to inspect the Premises.

48. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to inspect the Stop & Shop.

49. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to repair the Premises.

50. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to repair the Stop & Shop.

51. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to clean the Premises.

52. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to clean the Stop & Shop

53. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to warn invitees and/or customers of any dangerous conditions in the Premises.

54. That on September 6, 2019 and at all times herein mentioned, defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, failed to warn invitees and/or customers of any dangerous conditions in the Stop & Shop.

55. That on or about September 6, 2019 the plaintiff, **DAISY PABON**, was a lawful invitee at the Premises and/or The Stop & Shop.

56. That on or about September 6, 2019 the plaintiff, **DAISY PABON**, was lawfully present at the Premises and/or The Stop & Shop.

57. That on or about September 6, 2019 the plaintiff, **DAISY PABON**, entered the Premises and/or The Stop & Shop to make a purchase.

58. That on or about September 6, 2019 while the plaintiff, **DAISY PABON**, was lawfully present at the Premises and/or the Stop and Shop, she was caused to sustain injuries.

8

59. That on or about September 6, 2019 while the plaintiff, **DAISY PABON**, was lawfully present at the Premises and/or the Stop and Shop, she was caused to sustain severe injuries.

60. That on or about September 6, 2019 while the plaintiff, **DAISY PABON**, was lawfully present at the Premises and/or the Stop and Shop, she was caused to sustain permanent injuries.

61. That on or about September 6, 2019 while the plaintiff, **DAISY PABON**, was lawfully present at the Premises and/or the Stop and Shop, she was caused to sustain severe and permanent injuries.

62. That plaintiff's injuries were the direct result of defendant's negligence.

63. That plaintiff's injuries were the direct result of defendant's negligence, without plaintiff contributing to same.

64. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, its agents, servants and or employees were negligent in allowing a hazard, menace, a nuisance and a slippery condition to exist in at or inside the Premises.

65. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, its agents, servants and or employees were negligent in allowing a hazard, menace, a nuisance and a slippery condition to exist in at or inside the Stop & Shop.

66. That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, its agents, servants and or employees were negligent in failing to exercise the requisite degree of due care of a reasonably prudent defendant under the same or similar circumstances.

67.	That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had prior notice of the dangerous condition that caused plaintiff's injuries.

68.	That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had actual notice of the dangerous condition that caused plaintiff's injuries.

69.	That the dangerous condition that caused plaintiff's injuries existed for a period of time that was sufficient for a reasonably prudent defendant to discovery such condition.

70.	That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, had constructive notice of the dangerous condition that caused plaintiff's injuries.

71.	That the defendant, **THE STOP & SHOP SUPERMARKET COMPANY, LLC**, created the dangerous condition that caused plaintiff's injuries.

72.	That as a result of the foregoing, plaintiff, **DAISY PABON**, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, **DAISY PABON**, demands that a judgment be entered against the in an amount exceeding the jurisdictional limitations of all lower courts which would have jurisdiction over this case; that he be awarded the costs and disbursements of this action and such other and further relief as the Court determined to be just and proper under the circumstances.

Dated: Valley Stream, New York
     June 5, 2020

                Yours, etc.

                **MAGENDZO LAW, P.C.**

*Eitan Magendzo*
Eitan Magendzo, Esq.
- *Attorney for Plaintiff* -
99 W. Hawthorne Ave., Suite 316.
Valley Stream, NY 11580
718-873-9470

## ATTORNEY'S VERIFICATION

Eitan Magendzo, an attorney duly admitted to practice in the Courts of this State, affirms the following to be true under the penalties of perjury:

That your deponent is an attorney at the firm of **Magendzo Law, P.C.,** attorney for the Plaintiffs in the instant action.

That your deponent has read the foregoing **SUMMONS** and **COMPLAINT**, and knows the contents thereof, and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.

That the source of deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in the attorney's file.

Deponent makes this affirmation pursuant to CPLR Section 3020, inasmuch as your deponent does not maintain an office in the County in which the plaintiffs reside.

Dated:   Valley Stream, New York
         June 5, 2020

*Eitan Magendzo*
Eitan Magendzo, Esq.